IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Glenita R. Kenney,             Case No. 3:15CV1727

       Plaintiff

      v.                              **ORDER**

United Automobile, Aerospace and
Agricultural Implement Workers of
Americas, UAW, et al.,

       Defendants

       This is a hybrid breach of collective bargaining agreement and duty of fair representation suit brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

       Kenney alleges employer-defendant, FCA US LLC (FCA) breached the collective bargaining agreement when it suspended her employment.

       Plaintiff, Glenita Kenney, alleges union-defendants United Automobile, Aerospace, and Agricultural Implement Workers of Americas and UAW Local 12 Jeep Unit (Local 12) breached their duty of fair representation by failing to investigate during the grievance process.

       Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a).

       Pending are FCA's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 8) and Local 12's motion to dismiss and motion for summary judgment (Doc. 14).

       For the reasons that follow, I grant the motion to dismiss and deny the motion for

1

summary judgment as moot.

## Background

Glenita Kenney works for FCA and has been so employed since March 23, 1998, except during the period March 28, 2014 until May, 14, 2015, when she was suspended. She is also a union member of Local 12 in Toledo, Ohio.

On March 28, 2014, FCA suspended Kenney for four days pending an investigation for a violation of FCA's Standard of Conduct No. 15, which forbids fighting, horseplay, and disorderly conduct. Kenney alleges that at the meeting, which ended in suspension, no one interviewed her or addressed her request to take a polygraph exam. She also alleges Local 12 Vice Chairman Jim Roe and Chief Steward Walt Schwiefert attended the meeting.

On April 7, on completion of her four day suspension, Kenney reported to a meeting with the Labor Relations Department and her union. She asked when she could come back to work. The FCA Labor Relations representative told her the matter was closed and she should report to the crisis response team – made up of union, labor department, and other representatives, who intervene in potential workplace violence situations.

Kenney returned to work on April 8, 2014 as directed. The next day Kenney attended another meeting with the FCA Labor Relations representative and the union. At that meeting, FCA placed her on indefinite suspension for violation of Standard of Conduct No. 14, which prohibits threatening, intimidating, coercing, harassing, and retaliatory behavior.

Kenney alleges no one interviewed her or called any witnesses at this meeting. She also claims the union representatives, Roe and Schwiefert, failed to speak on her behalf, thereby failing to fulfill their duty of fair representation.

Subsequently, the union filed grievances as to both the four day and indefinite

suspensions.

On May 15, 2014, FCA converted the indefinite suspension to a discharge. It based its action on Kenney's alleged continuous disregard for company policies and her specific violation of Standard of Conduct No. 14, which FCA claimed resulted in a negative workplace environment.

In December, 2014, Kenney met with union representatives to discuss the two grievances they had filed on her behalf. Around that time, FCA agreed to reinstate Kenney on a conditional basis.

Kenney reported to a meeting on March 27, 2015 to learn the reinstatement conditions. A FCA representative read a Conditional Reinstatement Memorandum to Kenney, signed it, and left the room. While the FCA representative was gone, a union representative allegedly informed Kenney she won her grievance because FCA violated the collective bargaining agreement by using the crisis response team to fire her.

Kenney never met with the crisis response team despite attempts on her part to do so.

She initially declined to sign the reinstatement document. The FCA representative told her it was a one-time offer. On May 14, 2015, Kenney signed the reinstatement agreement and resumed work.

On September 1, 2015, Kenney brought suit under § 301 of the LMRA asserting: 1) FCA breached the collective bargaining agreement because it allegedly used the crisis response team to fire her; and 2) the union defendants breached their duty of fair representation by neglecting to interview her or take any witness statements during the grievance process.

## Discussion

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This serves to give "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Stafford v. Jewelers Mut. Ins. Co.*, 554 F. App'x 360, 370 (6th Cir. 2014).

A claim survives a 12(b)(6) motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it must have more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.*

A complaint is insufficient if it simply "tenders naked assertions devoid of further factual enhancement." *Id*. Threadbare recitals of elements for a cause of action, supported by conclusory statements, does not suffice. *Id*.

In ruling on a motion to dismiss, I must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007).

## B.  Kenney's Hybrid § 301 LMRA Claim

A hybrid § 301 action involves two constituent claims: a breach of a collective bargaining agreement by the employer and a breach of the duty of fair representation by the union. *Black v. Ryder/P.I.E. Nationwide, Inc*., 15 F.3d 573, 583 (6th Cir.1994).

The two claims are "inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). To recover against either the employer or the union, a plaintiff must successfully demonstrate a breach by both her employer and the union. *Bagsby v. Lewis Bros. Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987). Stated another way, unless a plaintiff can prove both violations, she cannot succeed against either party.

4

### 1. Alleged Breach of the Collective Bargaining Agreement

Kenney asserts FCA violated the collective bargaining agreement when it allegedly used the crisis intervention team to suspend her employment. Her complaint is entirely conclusory, as she alleges only that FCA "violated section 301 of the Labor Management Relations Act…by breaching the collective bargaining agreement in terminating her using the crisis response team." (Doc. 1 at ¶36).

To prevail on a claim of a breach of the collective bargaining agreement, a plaintiff must point to a specific provision in the agreement that the employer allegedly violated. *Harris v. American Postal Workers Union*, 1999 WL 993882, *4-5 (6th Cir.) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.")

In her opposition brief, Kenney disputes FCA's characterization of her complaint. She does not, however, point to any allegations in her complaint tending to show FCA violated any provision of the collective bargaining agreement.

Kenney argues in opposition that the collective bargaining agreement contains detailed discharge and disciplinary procedure, though she does not describe those provisions. She also alleges the agreement does not permit termination for interactions with the crisis intervention team (an irrelevancy, I note, because FCA did not fire her for interacting with the crisis intervention team), but provides no factual basis to support her assertion. Instead, to support her position Kenney attaches what is purported to be relevant portions of the agreement, which she did not attach to the original complaint.

She then argues that FCA's crisis response team's alleged involvement in the decision to suspend her was without authority to fire (*i.e.,* suspend) employees. The linchpin of her claim of

crisis intervention team involvement is an alleged statement made by a member of the team. Here and elsewhere in her brief, Kenney seeks to rely on unsworn contentions not asserted in her complaint. She also improperly attempts to rely on unauthenticated documents not referenced in, or incorporated into, her complaint.

In response, FCA argues, and I agree, that I cannot consider these new allegations.

In considering the sufficiency of a complaint, I confine myself, in considering a motion to dismiss, to the facts of the complaint and any exhibits thereto, provided the complaint refers to such exhibits and they are, in turn central to plaintiff's claims. Moreover, it is hornbook law that a plaintiff cannot use an opposition brief to amend her complaint. *Tangas v. Int'l House of Pancakes LLC*, 2016 WL 614006, *4 (N.D. Ohio).

Based on the complaint and the arguments Kenny puts forth in her brief, Kenney's claim fails for two reasons.

First, Kenney, again, does not identify the collective bargaining agreement applicable to her. Assuming such agreement exists (as no doubt it does[1]), she fails more importantly, to cite to a provision of such supportive of the factual premise (the role of the crisis response team in discipline) on which she bases her claim that FCA breached the contract.

Second, the suspension document, which Kenney attached as Exhibit E to her complaint, reflects that FCA suspended her for "continual disregard for company policies and the resulting negative work environment for co-workers. . ." (Doc. 1-6). Furthermore, that document identifies the basis of her termination as a violation of Standard of Conduct No. 14, which prohibits threatening, intimidating, and abusive behavior. *Id*.

---

[1] Kenney attached an incomplete copy of the collective bargaining agreement to her opposition brief, including only what is purported to be disciplinary and discharge provisions. Nothing in these provisions suggest FCA could not have relied on the crisis response team to fire her.

6

Kenney's contention, based on a subsequent hearsay statement, that FCA suspended her using the crisis response team ignores that FCA, in its original statement attached to the complaint, did not reference that as a basis for her suspension. The fact a union representative allegedly told her, nearly a year later, that FCA violated the agreement by basing her firing on the crisis response team, is immaterial.

Because Kenney has not plausibly alleged the FCA violated the collective bargaining agreement, and because an exhibit to her own complaint refutes her allegation that FCA fired her via the crisis response team, I will grant FCA's motion to dismiss.

### 2. Alleged Breach of the Duty of Fair Representation

Because § 301 claims are interdependent, Kenney's failure to state a claim of breach of contract against FCA is fatal to her claim against Local 12 for breach of duty of fair representation.

I note, briefly, the claim against union defendants also fails independently. Kenney does not allege the union defendants acted discriminatorily or in bad faith. On the contrary, the facts contained in Kenney's complaint suggest the union, albeit after she was out of work for a year, got her job back.

Finally, Kenney only alleges the union failed to interview her or other potential witnesses during the grievance process. She does not even state what information those interviews may have uncovered or how failure to interview detrimentally affected the grievance procedure.

It is not necessary, however, to address the possible merits of this claim in any more detail. Because Kenney did not state a claim against FCA, she cannot prevail against union

defendants either. Accordingly, I will also grant the union defendants' motion to dismiss.[2]

## Conclusion

It is, therefore,

ORDERED THAT:

1. FCA's motion to dismiss (Doc. 8) be, and the same hereby is, granted;

2. Union defendants' motion to dismiss (Doc. 14) be, and the same hereby is, granted; and

3. Union defendants' motion for summary judgment (Doc. 14) be, and the same hereby is, denied as moot.

So ordered.

/s/James G. Carr
Sr. U.S. District Judge

---

[2] I deny union defendants' separate motion for summary judgment for failure to exhaust internal remedies as moot.